UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KELLYANN McKENZIE,<br><br>      Plaintiff,<br><br>-against-<br><br>NYC DEPT OF FINANCE,<br><br>      Defendant. | 1:25-CV-2906 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Kellyann McKenzie, of St. Albans, Queens County, New York, brings this *pro se* action seemingly asserting that the defendant, the New York City Department of Finance ("DOF"), violated her federal constitutional rights as well as the Racketeer Influenced and Corrupt Organizations Act ("RICO"). She seeks damages. The Court understands that Plaintiff asserts claims under 42 U.S.C. § 1983 and RICO, as well as claims under state law. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims under 42 U.S.C. § 1983 and under state law is found at 28 U.S.C. § 1391(b), which provides that, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. § 1391(c)(1), (2).

Claims brought under the civil-enforcement provisions of RICO against a person, as defined by that statute,[1] must be brought "in the district court of the United States for any district in which such person resides, is found, has an agent, or transacts his affairs." 18 U.S.C. § 1965(a).

The DOF, as an agency of the City of New York, resides, under Section 1391(c)(2), both within this judicial district and within the Eastern District of New York.[2] Thus, this court and the United States District Court for the Eastern District of New York are both proper venues for Plaintiff's claims under Section 1983 and under state law, under Section 1391(b)(1).

Plaintiff alleges that the events that are the bases for her claims occurred in St. Albans, Queens County, New York. (ECF 1, at 4.) Queens County lies within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Thus, the United States District Court for the Eastern District of New York, and not this court, is a proper venue for Plaintiff's claims under Section 1983 and under state law, under Section 1391(b)(2).

---

[1] The term "person" is defined by RICO as including "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

The DOF, as an agency of the City of New York, resides, is found, has agents, and transacts its affairs within this judicial district and within the Eastern District of New York. *See* § 112(b), (c). Thus, both this court and the United States District Court for the Eastern District of New York are proper venues with respect to Plaintiff's claims under RICO. *See* § 1965(a).

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate for this action. All of the alleged events that are the bases for Plaintiff's claims occurred in Queens County, within the Eastern District of New York. Thus, it is reasonable to expect that relevant documents and witnesses would also be located within that judicial district. The United States District Court for the Eastern District of New York, which is a proper venue for all of Plaintiff's claims, therefore, appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to that court. *See* § 1404(a) *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir.

2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  April 16, 2025
        New York, New York

                                         /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                         Chief United States District Judge